UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SUNERGY CALIFORNIA, LLC, <br><br> Debtor, | No. 2:23-cv-00830-DAD-AC |
| RKF GLOBAL, PLLC, <br><br> Plaintiff, <br><br> v. <br><br> NUTI HART, LLP, et al., <br><br> Defendants. | ORDER DENYING PLAINTIFF RKF GLOBAL, PLLC'S MOTION TO WITHDRAW REFERENCE AND CLOSING THIS CASE <br><br> (Doc. No. 1) |

This matter is before the court on a motion to withdraw the reference of an adversary proceeding to the United States Bankruptcy Court for the Eastern District of California ("bankruptcy court") pursuant to 28 U.S.C. § 157(d), (e). (Doc. No. 1.) The pending motion was filed on May 2, 2023 by plaintiff RKF Global, PLLC ("RKF"). (*Id.*) For the reasons explained below, the court will deny plaintiff RKF's pending motion without prejudice.

**BACKGROUND**

On January 20, 2021, Sunergy California LLC (the "debtor") filed a petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code in bankruptcy court. (*See* Doc. No. 1 at 3.) On March 3, 2023, plaintiff RKF initiated an adversary proceeding against defendants Nuti Hart LLP, Gregory C. Nuti, Christopher H. Hart, Hank Spacone, and Jeffrey

1

Perea. *See RKF Global PLLC v. Nuti Hart LLP, et al.*, No. 2:23-ap-02025 (Bankr. E.D. Cal. 2023) (hereinafter "Adversary Proceeding"). Therein, plaintiff alleges causes claims of: (1) abuse of process; (2) fraud; (3) conspiracy to commit fraud; (4) promissory estoppel; and (5) breach of oral contract. (Adversary Proceeding, Doc. No. 1 at 20–24.)

Defendants filed a motion to dismiss the adversary proceeding on April 5, 2023. (Adversary Proceeding, Doc. No. 15.) That motion remains pending before the bankruptcy court.

On May 2, 2023, in the adversary proceeding, plaintiff RKF filed a motion to withdraw reference of the adversary proceeding to the bankruptcy court, and the Deputy Clerk of the bankruptcy court issued a notice instructing the parties that they "may file with the Clerk of the Bankruptcy Court . . . their written responses to the Motion to Withdraw the Reference within 10 days of the date of this notice." (Adversary Proceeding, Doc. Nos. 29, 30.) Defendants did not file a response to the motion.

Also on May 2, 2023, the Deputy Clerk of the bankruptcy court transmitted the pending motion to withdraw reference to this district court, thereby initiating this action. (Doc. No. 1.) Aside from the pending motion to withdraw reference, there have been no further filings on the docket in this civil action.

**LEGAL STANDARD**

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, "district courts have original jurisdiction over bankruptcy cases and related proceedings," but "'each district court may provide that any or all' bankruptcy cases and related proceedings 'shall be referred to the bankruptcy judges for the district.'" *Wellness Int'l. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015) (quoting 28 U.S.C. § 157(a)); 28 U.S.C. § 1334(a), (b). This court has thus referred all bankruptcy matters to the district's bankruptcy judges. *See* General Orders 182, 223. Nonetheless, a district court may "withdraw, in whole or in part, any case or proceeding referred" to the bankruptcy judges under 28 U.S.C. § 157(a) "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Among the proper considerations on whether to withdraw the reference, are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar

issues." *In re SK Foods, L.P.*, 2:13-cv-01363-LKK, 2013 WL 5494071, at *2 (E.D. Cal. Oct. 1, 2013). "Withdrawal of the reference is . . . required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court." *In re Casmiro*, No. 1:06-cv-00028-AWI-SMS, 2006 WL 1581897, at *4 (E.D. Cal. June 6, 2006); *see also In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("[B]ankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented.").

## ANALYSIS

In the pending motion, plaintiff RKF argues that withdrawal of the reference is proper here because it is entitled to a jury trial on all of its claims and it does not consent to the holding of a jury trial in bankruptcy court. (Doc. No. 1 at 4.) However, the court need not reach the issue of whether plaintiff is entitled to a jury trial in this case because the court finds that the pending motion is premature.

"A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). Instead, even if a party is entitled to a jury trial in an action, "the bankruptcy court may retain jurisdiction over the action for pre-trial matters." *Id.* This system, whereby bankruptcy courts may oversee pretrial proceedings even in actions where a jury trial right exists, "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id.* at 787–88; *see also In re Kenai Corp.*, 136 B.R. 59, 62 (S.D.N.Y. 1992) ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the . . . relationship between the district courts and bankruptcy courts."); *Bell v. Lehr*, No. 2:13-cv-02483-MCE-KJN, 2014 WL 526406, at *4 (E.D. Cal. Feb. 7, 2014) (finding that withdrawing the reference of an adversary proceeding prior to the conclusion of discovery, settlement conferences, and motion practice "would waste judicial resources and increase delay and costs to the parties, as well as jeopardize the uniformity of bankruptcy administration").

1   Here, there is no indication that pretrial proceedings have concluded in the adversary
2   proceeding. To the contrary, plaintiff RKF filed the pending motion on May 2, 2023, shortly
3   after the defendants filed a motion to dismiss the adversary proceeding on April 5, 2023. Indeed,
4   the defendants have not even answered the adversary complaint and the bankruptcy court has not
5   yet issued a scheduling order in the adversary proceeding. Furthermore, plaintiff RKF does not
6   argue that it will be prejudiced in any way by the bankruptcy court conducting pretrial
7   proceedings in this action. *See In re Kenai Corp.*, 136 B.R. at 62 (denying motion to withdraw
8   reference where "[q]uite simply, defendants have not shown that they will suffer any measurable
9   injury or prejudice if the case is not withdrawn now.") (quoting *Bus. Commc'ns, Inc. v. Freeman*,
10  129 B.R. 165, 166 (N.D. Ill. 1991)). In addition, "[t]he bankruptcy court's knowledge of
11  bankruptcy law and familiarity with the underlying facts of the action weigh in favor of keeping
12  pre-trial matters with the bankruptcy judge." *Hjelmeset v. Cheng Hung*, No. 5:17-cv-05697-BLF,
13  2018 WL 558917, at *4–5 (N.D. Cal. Jan. 25, 2018) ("[E]ven if [defendant] is ultimately correct
14  that he has the right to a jury trial and he does not consent to a final order by the bankruptcy
15  court, it is still proper for the proceeding to stay in the bankruptcy court for discovery, pre-trial
16  litigation, and pre-trial dispositive motions."); *Bell*, 2014 WL 526406, at *2 (finding that
17  "efficiency and judicial economy demand that the Bankruptcy Court continue to handle all
18  pretrial matters" where "the Bankruptcy Court has been handling the underlying Bankruptcy case
19  and related adversary proceedings" for multiple years and thus is "intimately familiar" with the
20  case).
21  Therefore, the court finds that withdrawal of the reference of the adversary proceeding
22  would be premature at this time. *See In re Healthcentral.com*, 504 F.3d at 788 ("Only by
23  allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do
24  we ensure that our bankruptcy system is carried out.") (emphasis in original). Plaintiff RKF may
25  renew its motion to withdraw the reference upon a finding by the bankruptcy court that all pretrial
26  proceedings in this adversary proceeding have concluded. *See Bell*, 2014 WL 526406, at *3; *see
27  also In re Kenai Corp.*, 136 B.R. at 62 ("If this case proceeds to trial, defendant may renew its
28  motion at that time.").

**CONCLUSION**

For the reasons stated above,

1. Plaintiff RKF's motion to withdraw the reference (Doc. No. 1) is denied without prejudice;

2. The Clerk of the Court is directed to transmit a copy of this order to the United States Bankruptcy Court, Eastern District of California, for filing as a related document on the docket of the adversarial proceeding *RKF Global PLLC v. Nuti Hart LLP, et al.*, No. 2:23-ap-02025; and

3. The Clerk of the Court is also directed to close this case.

IT IS SO ORDERED.

Dated:  **May 19, 2023**                              /s/ Dale A. Drozd
                                                                    UNITED STATES DISTRICT JUDGE